UNITED STATES of America,
Plaintiff–Appellee,

v.

Randy MONDRAGON, Defendant–
Appellant.

UNITED STATES of America,
Plaintiff–Appellee,

v.

Michael FRESQUEZ, Defendant–
Appellant.

Nos. 93–4175, 93–4212.

United States Court of Appeals,
Tenth Circuit.

April 5, 1995.

David J. Schwendiman, First Asst. U.S. Atty. (Scott M. Matheson, Jr., U.S. Atty., and Richard G. MacDougall, Asst. U.S. Atty., with him on the brief), Salt Lake City, UT, for plaintiff-appellee.

James D. Gilson of Van Cott, Bagley, Cornwall & McCarthy, Salt Lake City, UT, for defendant-appellant Randy Mondragon.

Stephen R. McCaughey, Salt Lake City, UT, for defendant-appellant Michael Fresquez.

Before KELLY and McWILLIAMS, Circuit Judges, and VRATIL, District Judge.[†]

PAUL KELLY, Jr., Circuit Judge.

Mr. Fresquez and Mr. Mondragon appeal the denial of their motions to suppress evidence obtained through electronic surveillance. Our jurisdiction arises under 28 U.S.C. § 1291 and we reverse.

### Background

Messrs. Mondragon and Fresquez were charged in several counts of a multi-count superseding indictment with various violations of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, as well as 21 U.S.C. § 843(b). The Defendants moved to suppress all evidence obtained through the use of electronic surveillance authorized by a state court wiretap order dated November 26, 1991. The district court denied these motions.

Both Defendants then pleaded guilty to charges of knowingly and intentionally distributing approximately nine ounces of cocaine, reserving the right to appeal the district court's denial of their motions to suppress. *See* Fed.R.Crim.P. 11(a)(2). Messrs. Mondragon and Fresquez contend that neither the application for the wiretap nor the supporting affidavit meets the necessity requirement of Utah Code Ann. § 77–23a–

† Honorable Kathryn H. Vratil, United States District Judge for the District of Kansas, sitting by

10(1)(c), which tracks the federal provision 18 U.S.C. § 2518(1)(c).

### Discussion

■■■ "A wiretap authorization order is presumed proper," and the Defendants carry the burden of overcoming this presumption. *United States v. Nunez,* 877 F.2d 1470, 1472 (10th Cir.), *cert. denied,* 493 U.S. 981, 110 S.Ct. 513, 107 L.Ed.2d 515 (1989). We review de novo whether the necessity requirement was met. *United States v. Armendariz,* 922 F.2d 602, 608 (10th Cir.1990), *cert. denied,* 502 U.S. 823, 112 S.Ct. 87, 116 L.Ed.2d 59 (1991). We apply federal law in our review of whether the evidence derived from the interceptions is admissible. *Armendariz,* 922 F.2d at 607.

On October 25, 1991, a wiretap order was issued by a Utah state district court pursuant to Utah Code Ann. § 77–23a–10. This state provision substantially mirrors 18 U.S.C. § 2518, the federal statute outlining the procedures for obtaining a wiretap. The wiretap order authorized the interception of conversations from a mobile phone and residential phone, both listed in the name of Barbara Quintana. The application for this wiretap order was accompanied by an affidavit explaining that officers had exhausted alternative investigative techniques. Four days later, a supplemental order for a wiretap on a second mobile phone listed to Barbara Quintana was issued.

On November 26, 1991, a second supplemental wiretap order supported by a second supplemental application and affidavit was issued authorizing the interception of the number (801) 944–4108. The number was listed in the name of Suzzanna Villarrell, the girlfriend of Junior Quintana, one of the targets of the original wiretap order. This second supplemental order was requested because information obtained through the original wiretap revealed that Junior Quintana was moving to the residence which was listed with the pertinent number.

designation.

■ Under Utah Code Ann. § 77–23a–10(1)(c), each wiretap order must include "a full and complete statement as to whether other investigative procedures have been tried and failed or why they reasonably appear to be either unlikely to succeed if tried or too dangerous." *See also* 18 U.S.C. § 2518(1)(c). This statement is known as the necessity requirement. *See Nunez*, 877 F.2d at 1472. Additionally, the judge must make a finding, based on the facts submitted by the applicant, that "normal investigative procedures have been tried and have failed or reasonably appear to be either unlikely to succeed if tried or too dangerous...." Utah Code Ann. § 77–23a–10(2)(c); *see also* 18 U.S.C. § 2518(3)(c). The Supreme Court has emphasized that the government should strictly adhere to the requirements of the wiretap statute. *United States v. Donovan*, 429 U.S. 413, 440, 97 S.Ct. 658, 674, 50 L.Ed.2d 652 (1977). By the very terms of the statute, Utah Code Ann. § 77–23a–7, a failure to comply with the statute's substantive requirements results in suppression of the evidence obtained. *See United States v. Mesa–Rincon*, 911 F.2d 1433, 1436–37 (10th Cir.1990) ("The failure of the government to comply with the statutory requirements for intrusive search techniques such as wiretaps and bugs results in suppression of the evidence obtained."); *see also* 18 U.S.C. § 2515.

The second supplemental application and affidavit submitted by the police completely fail to address the necessity requirement. The documents do not refer to any alternate investigative procedures either undertaken or considered by the police. Nor do the documents incorporate by reference facts which would fulfill the necessity requirement and which are admittedly contained in the affidavit for the original wiretap order. Rather, the second supplemental application incorporates only the facts concerning probable cause mentioned in the first affidavit. *See* Second Supplemental Application, ¶ 7 at 3. The second supplemental order recites that the court reviewed the second supplemental application and affidavit, but makes no reference to the prior applications or affidavits.

■ The government argues that because the Tenth Circuit has held that the necessity requirement "should be read in a common sense fashion," all of the documents in these cases should be read as a whole. *Nunez*, 877 F.2d at 1472. While we agree that a common sense approach should be utilized, we disagree that such an approach can fill the void in this case. The common sense approach was espoused in the context of the trial judge's factual determination of whether other investigative techniques had been sufficiently utilized, not in the context of the failure to include statutorily required information in the wiretap application.

The government also relies on *United States v. Dennis*, 786 F.2d 1029 (11th Cir. 1986), in support of the argument that the necessity requirement is met. In *Dennis*, however, the second application contained a statement that normal investigative procedures appeared unlikely to succeed, and incorporated by reference the first affidavit, which explained why normal investigative procedures would not succeed. Since no such statement or incorporation by reference appears in the application or affidavit at issue, *Dennis* is factually inapposite.

■ Moreover, the fact that this was a supplemental order and that the judge had seen previous applications and affidavits does not satisfy the necessity requirement since the statute specifically states that "[e]ach application *shall include* ..." the statement concerning alternate investigative procedures. Utah Code Ann. § 77–23a–10(1) (emphasis added); *see also* 18 U.S.C. § 2518(1). The application or accompanying affidavit must contain, in writing, either a statement concerning this information, or a statement incorporating the information by specific reference. The second supplemental application and affidavit contain no such information.

Additionally, the court failed to make a finding of necessity as is required. *See* Utah Code Ann. § 77–23a–10(2)(c); 18 U.S.C. § 2518(3)(c). Indeed, the wiretap application and accompanying affidavit were devoid of facts sufficient to allow the judge to make such a determination. We have seen nothing to indicate that any additional facts were

brought to the issuing judge's attention at the time this wiretap was requested. *See Aguilar v. Texas,* 378 U.S. 108, 109 n. 1, 84 S.Ct. 1509, 1511 n. 1, 12 L.Ed.2d 723 (1964) ("It is elementary that in passing on the validity of a warrant, the reviewing court may consider *only* information brought to the magistrate's attention."), *overruled on other grounds, Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). In the absence of record support we will not assume, as requested by the Government, that because the issuing judge was the same for both orders, he recalled the factual and legal bases for the first order at the time he granted the second order, some thirty days later.

The necessity requirement "directly and substantially implement[s] the congressional intention to limit the use of intercept procedures to those situations clearly calling for [their] employment...." *See Donovan,* 429 U.S. at 433–34, 97 S.Ct. at 671. As a result, failure to satisfy this requirement requires that the contents of the intercepted communications and the evidence derived therefrom be suppressed. *See id.;* Utah Code Ann. § 77–23a–7; 18 U.S.C. § 2515.

REVERSED.

Circuit Judge McWILLIAMS dissents.